UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:12-CR-211-3 |
| | § | |
| JESUS CASTILLO JR. | § | |

### ORDER

Pending before the Court is Defendant/Movant Jesus Castillo's motion to reconsider the Court's previous order denying his motion to reduce his sentence under 18 U.S.C. § 3582 and Amendment 782 to the Sentencing Guidelines. D.E 72.

Movant was sentenced to 235 months of imprisonment on September 28, 2012, following his guilty plea to conspiracy to possess with intent to distribute 6.978 kilograms of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). D.E. 57. His base offense level was 38 based upon the drug quantity, and he received a 2-level increase based on his role as an organizer/leader in the conspiracy. PSR, D.E. 41, ¶¶ 19, 22. Movant received credit for acceptance of responsibility, which reduced his total offense level to 37. *Id.* ¶¶ 25, 26. His criminal history category was IV, resulting in a guideline sentencing range of 292 to 365 months. D.E. 58, p.1.

On June 29, 2015, Movant filed a one-line motion to reduce his sentence pursuant to Amendment 782 to the Sentencing Guidelines. D.E. 70. The Court denied the motion by written order entered July 20, 2015, explaining:

> The drug quantity for which the defendant was held accountable results in a base offense level 38 after application of the Amended Sentencing Guidelines. This is the same base

> offense level as the Guidelines that were in effect at the time of the defendant's sentencing. Because the amended Guidelines do not result in a decrease in the defendant's offense level, a reduction is denied.

D.E. 71-2. Movant does not dispute this conclusion in his motion to reconsider, but instead complains for the first time that he should not have received a 2-level increase for his role as an organizer/leader and that his criminal history points were incorrectly calculated. He has also attached certificates of completion for stress management and drug education classes as evidence of his post-sentencing rehabilitation. D.E. 72-1, 72-2.

The Court has authority to modify or correct a previously-imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). *United States v. Ross*, 557 F.3d 237, 238 (5th Cir. 2009); *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are: (1) upon a motion for reduction by the Director of the Bureau of Prisons under certain circumstances; (2) to the extent otherwise expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; and (3) if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission and such a reduction would be consistent with the Commission's policy statements. 18 U.S.C. § 3582(c); *Ross*, 557 F.3d at 238. As set forth above, Movant's sentencing range has not been lowered, and he has failed to show that he otherwise qualifies for relief under the limited circumstances set out in § 3582(c). Moreover, while the Court is permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction,

the Court is not authorized to grant a reduction based upon post-sentencing rehabilitation alone. *See* U.S.S.G. § 1B1.10, application notes 1(B)(iii).

For the reasons set forth above, as well as the Court's July 20, 2015 Order (D.E. 71), Movant's motion to reconsider the Court's previous order denying his motion to reduce his sentence under 18 U.S.C. § 3582 and Amendment 782 to the Sentencing Guidelines (D.E 72) is **DENIED**.

ORDERED this 24th day of August, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE